# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| HECTOR HUGO VALENZUELA CRUZ,<br><br>            Petitioner,<br><br>    v.<br><br>CHAD F. WOLF, *et al.*,<br><br>            Respondents. | ED<br><br>CV 20-00918 TJH<br><br>**Order**<br>**to**<br>**Show Cause** |

    The Court has reviewed Petitioner Hector Hugo Valenzuela Cruz's petition for a writ of *habeas corpus*, together with the moving papers.

    Petitioner is an immigration detainee. On November 26, 2018, an immigration judge denied Petitioner's request for bond, finding him to be a danger to the community and a flight risk. The Board of Immigration Appeals ["BIA"] denied Petitioner's appeal. Petitioner is, currently, detained at Adelanto Processing Center ["Adelanto"].

    After the Court provisionally certified a mandatory, no-opt out class of immigration detainees at Adelanto and their Fifth Amendment substantive due process claim in *Roman v. Wolf*, No. 5:20-cv-00768-TJH-PVC, Petitioner filed a petition for a writ of *habeas corpus* raising a Fifth Amendment substantive due process claim, a

Fifth Amendment procedural due process claim, and an Eighth Amendment claim.

On May 1, 2020, the Court stayed Petitioner's Fifth Amendment substantive due process claim pending the resolution of *Roman*.

The crux of Petitioner's Fifth Amendment procedural due process claim and Eighth Amendment claim is that his prolonged detention is unlawful because the immigration judge erroneously denied his request for bond. Consequently, Petitioner's Eighth Amendment claim is duplicative of his Fifth Amendment claim. Further, where an immigration detainee seeks the challenge a condition or circumstance of his civil detention, he must do so under the Fifth Amendment – the Eighth Amendment does not apply. *See Smith v. Wash.*, 781 F. App'x. 595, 597 (9th Cir. 2019). Accordingly, Petitioner's Eighth Amendment claim will be dismissed.

As to his Fifth Amendment procedural due process claim, Petitioner contends that the immigration judge erroneously denied his request for bond because the immigration judge "failed to consider evidence establishing [Petitioner] is not a danger to the community nor [sic] a risk of flight including evidence of his remorse, his rehabilitation, and other factors." Thus, it appears to the Court that Petitioner is challenging the discretionary judgment of the immigration judge under the guise of a constitutional challenge. Generally, the Court lacks *habeas* jurisdiction to review the discretionary decisions of immigration judges. *See Barrientos v. ICE Field Office Director*, 667 F. App'x. 184, 184-185 (9th Cir. 2016).

Accordingly,

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that Petitioner's Eighth Amendment claim be, and hereby is, 𝔇𝔦𝔰𝔪𝔦𝔰𝔰𝔢𝔡.

𝔍𝔱 𝔦𝔰 𝔣𝔲𝔯𝔱𝔥𝔢𝔯 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that Petitioner shall show cause, if he has any, as to why the Court should not dismiss his prolonged detention claim for lack of jurisdiction.

Petitioner's response, if any, to this order to show cause shall be filed by May 12, 2020. The Government's opposition, if any, to the Petitioner's response shall be filed by May 19, 2020. Petitioner's reply, if any, shall be filed by May 26, 2020. The matter will, then, stand submitted.

Date: May 5, 2020

_____
Terry J. Hatter, Jr.
Senior United States District Judge